UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CVR ENERGY, INC.,

          Plaintiff,

v.                                    Case No. 17-mc-0222

WACHTELL, LIPTON, ROSEN & KATZ, et al.,

          Defendants.

## **ORDER**

This matter comes before the court on the motion of Edmund Gross to quash a subpoena served by Wachtell, Lipton, Rosen & Katz (ECF No. 1). The motion is denied because it has been filed in the wrong court. Under Fed. R. Civ. P. 45(d)(3)(A), a motion to quash a subpoena must be filed in "the district where compliance is required."[1] The subpoena commands Mr. Gross to appear for a deposition at the law office of Berkowitz

---

[1] *See also* Rule 45(d)(1) (court for the district where compliance is required must enforce the issuer's duty to take steps to avoid imposing undue burden); Rule 45(d)(3)(B) (court for the district where compliance is required may, on motion, quash or modify a subpoena in certain instances); Rule 45(e)(2)(B) (a party who receives information produced in response to a subpoena over which a claim of privilege is asserted may present the information under seal to the court for the district where compliance is required for a determination of the claim); Rule 45(g) (providing for a finding of contempt for failure to comply with a subpoena by the court for the district where compliance is required).

Oliver, LLP, in Kansas City, Missouri.[2]  Because the place of compliance (i.e., Kansas City, Missouri) is not in the District of Kansas, this court cannot quash the subpoena or otherwise provide the relief requested by Mr. Gross.  As such, the motion to quash the subpoena is denied without prejudice to refiling in the district where compliance is required.

    IT IS SO ORDERED.

    Dated December 7, 2017, at Kansas City, Kansas.

                                      s/ James P. O'Hara
                                      James P. O'Hara
                                      U.S. Magistrate Judge

---

[2] ECF No. 2-1.